# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETICIA VILLARREAL,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN I. ARNOLD,<br><br>    Defendant. | No. 16 CV 00603<br><br>Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leticia Villarreal and defendant Jonathan Arnold were engaged to be married over a decade ago. Before this action commenced, the parties litigated state-court actions in California and Illinois and two federal-court actions in this district—one of which was voluntarily dismissed, while the other is currently awaiting a decision on appeal. Villarreal believes that the amended complaint in that action (the one on appeal) is frivolous and that Arnold only filed it to extort and intimidate her. Accordingly, she brings this lawsuit against Arnold for abuse of process and intentional infliction of emotional distress. Arnold moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In her response brief, Villarreal says she intends to withdraw the intentional infliction of emotional distress claim. That claim is therefore voluntarily dismissed without prejudice and the only claim that remains is for abuse of process. For the reasons discussed below, Arnold's motion to dismiss is granted.

I.   **Legal Standards**

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. On a 12(b)(6) motion, courts accept as true all well-pleaded facts, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Courts do not accept as true statements of law that appear in the complaint. *Id.* To survive Arnold's motion, the complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the pleadings include factual content from which the court can draw reasonable inferences that the defendant is liable for the relevant conduct. *Yeftich*, 722 F.3d at 915 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

II.  **Facts**

Villarreal and Arnold had a marriage ceremony in Dana Point, California, in 2004. [1-1] at 2.[1] The Los Angeles County recorder mailed Villarreal and Arnold a letter, informing them that a marriage license was never filed on their behalf and that they should rectify this error "to protect [their] marital and property rights." [1-1] at 3–4. Several months later, Arnold obtained a second marriage license, but that license also was never filed and it ultimately expired. [1-1] at 4. By 2006, the relationship between Villarreal and Arnold had ended. *Id.* Villarreal petitioned to

---

[1] Bracketed numbers refer to entries on the district court docket. The facts are taken from the complaint, [1], and any exhibits attached to the complaint or to Arnold's motion to dismiss, to the extent they are referenced in the complaint and are central to Villarreal's claims. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

2

dissolve the "marriage" in California and Arnold filed for the same in Illinois. *Id*. Villarreal moved the California court to require the parties to litigate the dispute in California; in support of this motion she attached a declaration that stated the parties were married in 2004. [1-1] at 4–5. She also moved to dismiss Arnold's Illinois petition because the parties were not *legally* married, citing the failure to file the marriage certificate with the Los Angeles County recorder. [1-1] at 5. After reaching an agreement and stipulating that they were not married, the parties dismissed their dissolution petitions in California and Illinois. *Id*.

Their legal disputes grew more contentious. Arnold filed an action in this district seeking to recover the value of the gifts he gave Villarreal over the years, based on her misrepresentations and/or omissions about the validity of their marriage, which made Arnold believe Villarreal was his wife. [1-1] at 5. In response, Villarreal moved the California court to vacate the stipulation they had reached as to the invalidity of the marriage. [1-1] at 6. Arnold's federal-court action was stayed until the California court issued a final ruling that refused to vacate the parties' stipulation. *Id*. When the stay was lifted, Villarreal filed a motion for summary judgment on all of Arnold's claims in the pending lawsuit. *Id*. Judge Grady granted Villarreal's motion, referring to one of Arnold's arguments as "preposterous," and noting more generally: "The federal courts are not a proper venue for petty score-setting." [1-1] at 9, 13; *Arnold v. Villarreal*, No. 09 C 7399, 2014 WL 2922810, at *3, *5 (N.D. Ill. June 27, 2014). Arnold then moved to vacate or amend the judgment. [1-2] at 1. Judge St. Eve denied the motion, noting that his claims were "frivolous."

3

[1-2] at 8; *Arnold v. Villarreal*, No. 09 C 7399, 2014 WL 4434580, at *3 (N.D. Ill. Sept. 9, 2014). That action is on appeal, awaiting a ruling from the Seventh Circuit.

Villarreal filed her own suit in this district, accusing Arnold of malicious prosecution, abuse of process, and intentional infliction of emotional distress. [17-3] ¶¶ 1–23. Upon learning that Arnold intended to appeal Judge Grady's grant of summary judgment against him, Villarreal voluntarily dismissed her complaint without prejudice. [17-4] at 1. On January 15, 2016, Villarreal filed a new complaint that initiated this action, accusing Arnold of abuse of process and intentional infliction of emotional distress. [1] ¶¶ 1–20.

## III. Analysis

### A. Choice of Law

In this diversity-jurisdiction case, the law of the forum state applies. *See Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009) (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945)). Illinois law applies to this action.

A choice-of-law determination is necessary only when a difference in the law will result in a different outcome. *Townsend v. Sears, Roebuck & Co.*, 227 Ill.2d 147, 155 (2007). The party seeking the choice-of-law determination bears the burden of proving that a conflict of law exists and that it will make a difference in the outcome of the action. *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 2014 IL 116389, ¶ 14 (2014).

Villarreal argues that California law should apply for four reasons: "(1) Ms. Villarreal has always been domiciled in California; (2) her injuries occurred in California; (3) California is the place where the conduct which caused her injuries

4

occurred; and (4) California is the place where the relationship between the parties is centered." [33] at 4–5. To support her argument, she cites Illinois case law that rejects the *lex loci delicti* approach to deciding choice-of-law conflicts and instead applies the most significant relationship test. *See, e.g., Esser v. McIntyre*, 169 Ill.2d 292, 297–98 (1996). These factual and legal assertions are misplaced. They go to the second part of the choice-of-law analysis, which a court only considers when it has already been established that an actual conflict exists. Villarreal has not made the threshold showing that a conflict between California and Illinois law exists as to the tort of abuse of process or that it would result in different outcomes.

In fact, California and Illinois law are similar and would lead to the same outcomes with respect to both of the disputed issues in this action. Abuse of process is an injury to the person under both California and Illinois law. *Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 886–87 (1992);[2] *Withall v. Capitol Fed. Sav. of Am.*, 155 Ill.App.3d 537, 545 (1987). In both states, the statute of limitations is two years. Cal.Civ.Proc.Code § 335.1; 735 ILCS 5/13-202. The limitations period begins to run, in both states, from the date of the last act that gives rise to the abuse of process claim. *Cantu*, 4 Cal.App.4th at 887; *Whithall*, 155 Ill.App.3d at 545.

---

[2] In 2002 the California Legislature deleted the one-year limitations period for personal injury actions from section 340, subdivision (3). *Krupnick v. Duke Energy Morro Bay, L.L.C.*, 115 Cal.App.4th 1026, 1028 (2004). In its place, it created section 335.1, which provides a two-year statute of limitations for personal injury actions. *Id*. These amendments became effective on January 1, 2003. *Id*. Before these amendments became effective, the *Cantu* court based its decision on § 340. Courts rely on the substantive holdings of *Cantu*, but apply it with the current two-year statute of limitations period. *See, e.g., Bhatia v. Wig*, No. C 10-0072 SBA, 2010 WL 3631320, at *9 (N.D. Cal. Sept. 14, 2010), *aff'd*, 479 F. App'x 768 (9th Cir. 2012).

With respect to proving liability for an abuse of process claim, both California and Illinois law require two elements: (1) an ulterior motive; and (2) an act in the use of the process that is improper in the regular course of the proceedings. *Spellens v. Spellens*, 49 Cal.2d 210, 232 (1957); *Kumar v. Bornstein*, 354 Ill.App.3d 159, 167 (2004).

If the law of the competing states is essentially the same, Illinois courts do not engage in the choice-of-law analysis; instead, they simply apply Illinois law. *SBC Holdings, Inc. v. Travelers Cas. & Sur. Co.*, 374 Ill.App.3d 1, 13 (2007). Since California and Illinois laws that govern statute of limitations and abuse of process are similar, Illinois law applies. According to Villarreal's complaint, the relevant act for her abuse of process claim is Arnold's first amended complaint, which he filed on January 23, 2014. [1] ¶ 5. Under Illinois law, the limitations period began to run from the date Arnold filed the amended complaint. *Cantu*, 4 Cal.App.4th at 887; 735 ILCS 5/13-202. To comply with the two-year time limit, Villarreal would have needed make a claim for abuse of process by January 23, 2016. Since she filed this action on January 15, 2016, her complaint appears to be timely—the statute of limitations is an affirmative defense and unless its merit is plain from the face of the complaint it should not be resolved on a motion to dismiss.

**B. Abuse of Process**

An abuse of process claim has two required elements: an ulterior motive and an act in the use of the process that is improper in the regular course of the proceedings. *Kumar*, 354 Ill.App.3d at 167. Such actions are not favored under Illinois law; thus, the elements must be strictly construed. *Erlich v. Lopin-Erlich*,

6

195 Ill.App.3d 537, 539 (1990). To satisfy the first element, the pleadings must show that Arnold had an improper purpose for initiating the proceedings, such as extortion, intimidation, or embarrassment. *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill.App.3d 177, 157 (2003). As for the second element, the pleadings must show that Arnold used the process "to accomplish some end which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do." *Cartwright v. Wexler, Wexler & Heller, Ltd.*, 53 Ill.App.3d 983, 986 (1977) (citing *Ewert v. Wieboldt Stores, Inc.*, 38 Ill.App.3d 42 (1976)).

Illinois courts define "process" as "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property." *Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 968 (1972). In practice this means that Illinois courts distinguish process from pleadings, because "[p]leadings are created and filed by the litigants," while "[p]rocess is issued by the court, under its official seal." *Id.* Filing a complaint, even with the intent to extort the relevant defendant, would not give rise to a valid abuse of process claim because it is merely a pleading.

The second element is the gravamen of the offense. *Neurosurgery*, 339 Ill.App.3d at 157 (2003). This means that even when someone with the most immoral motive initiates a proceeding, so long as the process is used for its intended purpose, that person cannot be liable for abuse of process. *Id.* at 157; *see also Dixon v. Smith-Wallace Shoe Co.*, 283 Ill. 234, 242 (1918) (explaining that no abuse of process exists where a creditor knowingly filed a false suit and a judgment in

7

attachment and an order of sale was obtained because the suit was initiated regularly and prosecuted to an ordinary conclusion).

Villarreal's complaint does not state a plausible claim for abuse of process. Although the complaint includes sufficient allegations to satisfy the ulterior motive element—"Arnold […] abused the legal process in order to extort and intimidate Ms. Villarreal," [1] ¶ 14—her pleadings are deficient as to the gravamen of the offense, the second element. Arnold's filing of an amended complaint is insufficient as a matter of law. *See Kirchner v. Greene*, 294 Ill.App.3d 672, 683 (1998) ("The mere use of the legal process, such as the filing of a lawsuit, does not constitute abuse of process"). While Villarreal alludes to other actions by Arnold in her complaint, such as withholding child support and demanding psychiatric counseling for their minor child, these actions, at least how Villarreal has described them in her complaint, would not constitute "process" by the court and under its seal. *See Doyle v. Shlensky*, 120 Ill.App.3d 807, 816 (1st Dist. 1983). These actions are fleshed out a bit more in Villarreal's response brief; but, because those details are not found in the complaint, they cannot be considered at the motion to dismiss stage. Nevertheless, it is worth noting that actions such as, (1) filing a legitimate lawsuit to use as leverage in negotiating an outcome in another lawsuit, (2) causing an opposing party to incur legal expenses, (3) calling police officers to help enforce legal visitation rights, and (4) pursuing a legitimate wage garnishment action, are all done by a party and not by the court; thus they would not support a claim for abuse

of process. *See Kirchner*, 294 Ill.App.3d at 683 (without court process, "it is axiomatic that there can be no abuse of process").

Finally, even assuming Villarreal could allege that Arnold used some legal "process," the complaint does not allege that he used that process to achieve something that is beyond the scope of the process, or that the process compelled Villarreal to do some collateral thing. Villarreal may think the following language satisfies this element: "for the purpose of accomplishing results adverse to Ms. Villarreal that went well beyond what might otherwise be achieved by his vexatious lawsuit," [1] ¶ 15. But, plugging the "magic words" for the legal theory into a complaint is not the same as stating a plausible claim for relief. Villarreal's complaint does not allege a sufficient factual basis from which a court could reasonably infer Arnold's liability. As a result, the second element is not satisfied here and the complaint must be dismissed.

## IV. Conclusion

For the foregoing reasons, Arnold's motion to dismiss [16] is granted. Villarreal's claims are dismissed without prejudice. Villareal has leave to file an amended complaint by January 10, 2017. If no amended complaint is filed, this dismissal will convert to a dismissal with prejudice and a final judgment will be entered.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 12/20/2016

9